# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| MICHELLE HEALEY and FALAAH SHABAZZ,<br>　　　　　　Plaintiffs<br><br>　　　　v.<br><br>ADAM C. ANDREWS JR., CITY OF CHICAGO, and CHICAGO POLICE DEPARTMENT,<br>　　　　　　Defendants | No. 25 CV 5736<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion to dismiss [31] is granted in part and denied in part. Specifically, it is granted as to all claims against Defendant Chicago Police Department and Count V against the remaining defendants, and it is denied as to Counts I–IV. The plaintiffs' motion for contempt, sanctions, and municipal liability [24] is denied. The second, third, and fourth amended complaints [34], [35], [37], are stricken. The defendants shall answer the remaining claims on or before May 15, 2026.

## STATEMENT

This case is before the Court on two motions: Defendants City of Chicago and Adam C. Andrews, Jr.'s motion to dismiss the complaint, (R. 31), and Plaintiffs Michelle Healey and Falaah Shabazz's motion for contempt, sanctions, and municipal liability, (R. 24). The Court addresses each motion in turn.

**The Defendants' Motion to Dismiss**

**Procedural History**

On May 22, 2025, the plaintiffs filed a complaint. (R. 1.) On May 30, they timely filed a first amended complaint ("FAC"). (R. 8.) Andrews and the City jointly moved to dismiss the FAC on January 23, 2026. (R. 31.) On February 13, the plaintiffs responded to the defendants' motion. (R. 33.) That same day, the plaintiffs also filed second and third amended complaints. (R. 34; R. 35.) Four days later, on February 17, the plaintiffs filed a fourth amended complaint. (R. 37.) The plaintiffs neither requested nor received the Court's leave to file their second, third, or fourth amended

complaints. They also did not provide the defendants' written consent to file any of the amended complaints.

The FAC was the plaintiffs' sole amendment as a matter of course. Fed. R. Civ. P. 15(a)(1)(A); *see also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 819 (7th Cir. 2013) ("[A] party may amend its complaint once as a matter of course."). After amending once as of right, Rule 15 allows a party to amend again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The plaintiffs' second, third, and fourth amended complaints were filed without leave of Court or the defendants' written consent. This violated Rule 15. The plaintiffs cite authority for the proposition that an amended complaint "supersedes" a prior complaint. (*See* R. 33 at 3.) But these cases involve an amended complaint filed properly under the federal rules. That is not the case here. While the plaintiffs are proceeding *pro* se, this does not excuse them from the obligation to follow the federal rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009). Accordingly, the Court treats the FAC as the operative complaint and strikes all subsequently filed complaints. The facts discussed below are therefore drawn from the FAC, (R. 8), and are accepted as true in resolving the defendants' motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Factual Background**

The plaintiffs are Chicago residents. (R. 8 ¶¶ 3–4.)[1] They allege that they "have been unlawfully targeted" by the Chicago Police Department (CPD) over the past five years. They detail several such instances between 2020 and 2022, though these encounters involved CPD officers not named as defendants in this case. (*Id.* ¶ 8a–e.)

On June 29, 2023, the plaintiffs were in a parked car with their youngest child. (*Id.* ¶ 9.) Andrews approached their car and told them that shots were fired nearby. (*Id.*) Andrews then asked for the plaintiffs' identification. (*Id.*) Healey provided hers, but Shabazz did not, and he instead "asserted [their] rights" and requested a supervisor. (*Id.* ¶¶ 9, 29.) Andrews then "grew irritated." (*Id.*) The next day, on June 30, the plaintiffs were again in their parked car, this time with all four of their children. (*Id.* ¶ 10.) Andrews, along with other CPD officers and Illinois state police surrounded their car. (*Id.*) Shabazz "exited briefly to enter a nearby store" and Andrews chased him, demanded his identification, "grabbed his arm, and coordinated a show of force with handcuffs drawn." (*Id.*) Andrews allegedly told Shabazz that his vehicle lacked a license plate and was subject to an "ongoing investigation." (*Id.* ¶ 12.) CPD officers then searched the plaintiffs and their car. (*Id.* ¶ 13.) Officers also "extracted [Healey] through the driver's side window, twisting her arm, breaking the glass," which bruised her and caused a near-fracture. (*Id.* ¶ 14.) Healey was then handcuffed "tightly." (*Id.*) The plaintiffs were "detained for approximately one hour," never given their *Miranda* warnings, and were "traumatized in front of their children." (*Id.* ¶ 15.)

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate

The plaintiffs bring five claims under 42 U.S.C. § 1983. Counts I, II, and III assert Fourth Amendment violations in connection with the June 30, 2023, interaction. (*Id. Id.* ¶¶ 18–27.) These claims assert excessive force, false arrest and unfair seizure, and unlawful search, respectively. (*Id.*) Count IV asserts a First Amendment retaliation claim, alleging that the defendants retaliated against them after growing frustrated by the June 29, 2023, encounter. (*Id.* ¶¶ 28–30.) Count V is a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), which seeks to hold the City liable for the officers' conduct. (*Id.* ¶¶ 31–33.)

## Legal Standard

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The plaintiff must set forth "adequate factual detail to lift his claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted). Further, the Court construes a *pro se* complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## Analysis

For the reasons stated above, the FAC is the operative pleading, so the Court rejects the plaintiffs' argument that the motion to dismiss is moot. The defendants first argue that the plaintiffs improperly named CPD as a defendant. (R. 34 at 4.) The plaintiffs do not contest this. The CPD does not have independent legal existence and is not a suable entity. *Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009) (citation omitted). Accordingly, all claims against the CPD are dismissed with prejudice.

Next, the defendants argue that the plaintiffs' claims based on incidents occurring before May 22, 2023, are time-barred and fail to allege personal involvement by Andrews. (R. 31 at 4–6.) As the forum state, Illinois' statute of limitations controls, though federal law determines when accrual begins. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Illinois law supplies a two-year limitations period, *Ashafa v. City of Chicago*, 146 F.3d 459, 461–62 (7th Cir. 1998), and federal law provides that a claim accrues once the plaintiffs know or should have known of the alleged constitutional violations. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Further, claims brought under § 1983 must plausibly allege that the individual defendant was personally involved in the constitutional violation. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008). Counts I–IV stem from the plaintiffs' interactions with the defendants on June

29 and 30, 2023. (R. 8 ¶¶ 9–15, 18–30.) Those events took place after May 22, 2023, and therefore are not time-barred. As explained in greater depth below, these claims also sufficiently allege Andrews' personal involvement in the alleged deprivation of their rights. Count V is a *Monell* claim, which is subject to the same two-year limitations period as the § 1983 claims that support it. *Bowers v. Dart*, 1 F.4th 513, 518 (7th Cir. 2021). To the extent that the *Monell* claim is premised on the events underlying Counts I–IV, it is not time barred. (R. 8 ¶¶ 31–33.) Accordingly, the Court denies the defendants' motion to dismiss on this ground.

The defendants next argue that Counts I[2] and III are insufficiently pled because they only allege that "officers" were involved in the conduct alleged, not that Andrews specifically was involved. (R. 31 at 6–7.) A claim under § 1983 must allege that the defendant was personally involved in the constitutional deprivation. *Grieveson*, 538 F.3d at 778. The FAC alleges that Andrews approached the plaintiffs' car and gave commands to the plaintiffs. (R. 8 ¶¶ 10–11.) Further, it alleges that "officers forcibly extracted" Healey through the car's window, twisted her arm, broke the glass of the window, and almost fractured one of her bones. (*Id.* ¶ 14.) It further alleges that "[o]fficers searched the vehicle's interior" without proper justification. (*Id.* ¶ 13.) The FAC, construed liberally, has sufficiently alleged Andrews' personal involvement. That the allegation fails to specifically name Andrews by itself is not fatal, as one reasonable inference from the allegations is that Andrews, as an officer present on the scene who interacted with the plaintiffs, caused, participated in, or failed to intervene in the alleged constitutional violations. *See Grieveson*, 538 F.3d at 778; *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) ("[U]nder certain circumstances a state actor's failure to intervene renders him or her culpable under § 1983."). Accordingly, the Court denies the motion to dismiss Counts I and III.

The defendants argue that Count IV fails because the plaintiffs do not allege causation. (R. 31 at 7–9.) To state a First Amendment retaliation claim, the plaintiffs must plausibly allege "(1) [they] engaged in activity protected by the First Amendment, (2) [they] suffered an adverse action that would likely deter future First Amendment activity, and (3) the First Amendment activity was 'at least a motivating factor' in the defendants' decision to retaliate." *Santana v. Cook Cnty. Bd. of Rev.*, 679 F.3d 614, 622 (7th Cir. 2012) (quoted source omitted). The plaintiffs allege that on June 29, 2023, Shabazz frustrated Andrews by failing to heed his commands and requesting a supervisor, which was protected speech. (R. 8 ¶¶ 9, 29.) They allege that the next day, Andrews and other officers retaliated by forcibly arresting them, "causing chilling effects" on their speech." (*Id.* ¶ 30.) This is enough to plausibly allege that Andrews' conduct on June 30 resulted from the plaintiffs' June 29 speech. Contrary to the defendants' argument, the plaintiffs need only plausibly allege, not "show," causation at this stage. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Accordingly, the Court denies the defendants' motion to dismiss Count IV.

---

[2] The defendants seek to dismiss this claim as brought by Healey only. (R. 31 at 6–7.)

Next, the defendants argue that the plaintiffs fail to state a claim under *Monell*. (R. 31 at 9–12.) For municipal liability to attach, the plaintiffs must plausibly allege "(1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 829 (7th Cir. 2022) (citation omitted). "At the pleading stage, then, a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). The plaintiffs allege that public reports evidence the City's widespread custom of "unconstitutional stops, searches, uses of force, and retaliation" and its failure to investigate and discipline officers. (R. 8 ¶¶ 16–17, 31–33.) But the plaintiffs do not allege what kinds of misconduct the reports document, and they fail to link that alleged misconduct to the harm they suffered. *See, e.g.*, *Carmona v. City of Chicago*, No. 15-CV-00462, 2018 WL 1468995, at *4 (N.D. Ill. Mar. 26, 2018) (dismissing *Monell* claim because citing a public report alone cannot serve "as a master key to unlock discovery's door for any *Monell* claim against the City"). The plaintiffs' remaining allegations are either barebones assertions without facts or based on an isolated instance of alleged misconduct they experienced. Each of these is insufficient to support a *Monell* claim. *Kiley*, 954 F.3d at 994; *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). Accordingly, the Court grants the motion to dismiss Count V.

Last, the defendants contend that the plaintiffs lack standing to pursue injunctive and declaratory relief. (R. 31 at 12.) But a remedy is not a claim, and at the motion to dismiss stage the question is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Because the complaint states a claim, the Court need not decide what relief the plaintiffs may be entitled to at this juncture. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002).

## The Plaintiffs' Motion for Contempt, Sanctions, and Municipal Liability

### Procedural and Factual History

The plaintiffs filed a motion for "contempt, sanctions, and municipal liability." (R. 24-2.) The motion stems from incidents in which the plaintiffs allege that the CPD or other city officials improperly towed and refused to relinquish their vehicle. (*See generally* R. 24-2.) The plaintiffs state that they challenged the towing of their car twice and received two favorable rulings from an administrative law judge. (*Id.* at 3.) They attach copies of the "Findings, Decisions, & Order" in two proceedings before the Department of Administrative Hearings (DOAH). (R. 24-3.) They contend that these entitle them to get their car back, but the impound still refuses to release their car. (*Id.* at 4.) The plaintiffs also allege that other City actors, such as their alderman and employees of other City departments, engaged in misconduct. (R. 24-2 at 7.)

5

These events are not described in the FAC. The plaintiffs' motion asks the Court to hold the defendants in civil contempt for failing to obey decisions issued by DOAH and to issue a show cause order. (*Id.* at 7–10; R. 24-8.) The plaintiffs also appended a separate "motion for sanctions" based on the conduct described above. (R. 24-9.)

**Legal Standard**

"To hold a party in contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (citations and quotations omitted). The movant must establish by clear and convincing evidence: "(1) the Order sets forth an unambiguous command; (2) [defendants] violated that command; (3) [defendants'] violation was significant, meaning it did not substantially comply with the Order; and (4) [defendants] failed to take steps to reasonabl[y] and diligently comply with the Order." *F.T.C. v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009) (quoted source omitted).

**Analysis**

The plaintiffs have not identified a court order unambiguously commanding the defendants to do anything regarding the plaintiffs' car. This Court has issued no such order, and the plaintiffs have not provided authority establishing that this Court can hold the defendants in contempt for based on the decisions issued by DOAH. DOAH is not a court of law, but rather a quasi-judicial City body. *See* Municipal Code of Chicago § 2-14-010. Further, the DOAH decisions do not command the defendants to do anything, but rather permit the plaintiffs to retrieve their vehicle from the impound lot. (*See* R. 24-3.) The plaintiffs' motion also sets forth what the plaintiffs describe as a pattern of constitutional violations under *Monell* supporting judgment against the City and an award of compensatory damages and injunctive relief. (R. 24-2 at 5–7.) This is a distinct claim from the *Monell* claim brought in the FAC. A motion for sanctions is not a proper filing to assert a claim not alleged in the operative complaint. *See, e.g.*, *Elevate Care Country Club Hills, LLC v. Kennedy*, No. 24-CV-04755, 2025 WL 2785369, at *6 (N.D. Ill. Sept. 30, 2025) (a plaintiff must amend the complaint if they would "like to bring new claims beyond those pleaded in the complaint"). Because the plaintiffs have not established that the defendants violated an unequivocal command of this or any other court, they are not entitled to the relief they seek. The Court denies the plaintiffs' motion for contempt, sanctions, and municipal liability.

Date: April 23, 2026

_____
JEREMY C. DANIEL
United States District Judge

6